USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL McCOLLOUGH,

      Plaintiff,

-against-

ANTHONY GRIFFIN, Superintendent, Green Haven Correctional Facility; E. WILLIAM, Administrative Dept., Green Haven Correctional Facility; D. SMITH, Claim Officer, Green Haven Correctional Facility; R. ALLEN, Claim Officer, Sing Sing Correctional Facility,

      Defendants.

16-CV-1783 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

  Plaintiff, currently incarcerated in the Sing Sing Correctional Facility ("Sing Sing"), brings this *pro se* action under 42 U.S.C. § 1983.[1] The Court grants Plaintiff IFP status for this action.[2] Plaintiff sues Green Haven Superintendent Anthony Griffin, Green Haven Deputy Superintendent E. William, Green Haven claim officer D. Smith, and Sing Sing claim officer R. Allen. For the reasons discussed below, the Court dismisses all of Plaintiff's claims, with the exception of a procedural due process claim against Defendant Griffin.

---

[1] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York, while he was incarcerated in the Green Haven Correctional Facility ("Green Haven"). By Memorandum and Order dated November 17, 2015, that court granted Plaintiff *in forma pauperis* ("IFP") status for the limited purpose of the Memorandum and Order, dismissed many of Plaintiff's claims, and granted him leave to submit an amended complaint. Plaintiff filed an amended complaint, which he labeled as a "first amended petition." (ECF No. 15.) In his amended complaint, which is the action's operative pleading, he asserts § 1983 claims arising from events alleged to have occurred at Green Haven and at Sing Sing, within this judicial district. For that reason, the court transferred the action to this Court.

[2] Under 28 U.S.C. § 1915(b)(1), prisoners must pay the full amount of the $350.00 filing fee, even when they have been granted permission to proceed IFP.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that in October 2014, while he was incarcerated in Green Haven, William Lee, then Green Haven's Superintendent, issued Plaintiff what seems to be an exemption from having the legal documents in his cell confiscated. Griffin replaced Lee. Plaintiff alleges that Griffin "radically implemented new policy, procedure and regulation by directing his subordinates to confiscate legal and personal property protected under [the] former [S]uperintendent's policy and procedures." Plaintiff seems to state that as a result of Griffin's policy, on September 10, 2015, he was extracted from his cell, his cell was searched without his being present, and correction officers confiscated from his cell his typewriter and his legal documents.[3] He asserts that the seizures "undeniably closed the doors to unfettered access to the Court[,] and constitute[s] a viable cause of action to proceed further in this action."

---

[3] Plaintiff states that correction officers seized legal documents that he prepared for this action, while it was still pending in the transferor court, as well as legal documents that he prepared for a state-court Article 78 proceeding that he had attempted to initiate earlier.

2

On that same date, Plaintiff filed an institutional claim that was forwarded to D. Smith, a Green Haven claim officer, for processing. Plaintiff states that his institutional claim came to "no avail." On October 3, 2015, Plaintiff filed an administrative complaint with E. William, Green Haven's Deputy Superintendent of Administration, whom Plaintiff describes as an "appeals claim officer." Plaintiff asserts that he stated in his administrative complaint to William that Smith had constructively denied the claim that Plaintiff had filed with Smith because Smith had "fail[ed] to process the claim." On or about September 20, 2015, Plaintiff filed a grievance concerning the seizures of his property and the failure of Green Haven officials to act on his claims. He seems to assert that he ultimately appealed his grievance to Superintendent Griffin, who "failed to act in accord [with] a three-step grievance process and thereby frustrated appellate review ...."[4]

On an undisclosed date, Plaintiff was transferred to Sing Sing. He states that he notified R. Allen, a Sing Sing claim officer, "of [Allen's] continuous duty to act a [a] liaison in furtherance to Green Haven ... colleagues['] continuous violation .... [sic]" But Allen "made no effort whatsoever to locate Plaintiff's property ...." Plaintiff states that his "injuries and damages are ... direct consequences of [the transferor court's] decision and order[,] [which] prevented Plaintiff [from] filing additional submission[s] to establish a plausible cause of action ...."

## DISCUSSION

### A. The Transferor Court's Memorandum & Order

To the extent that Plaintiff seeks relief under Local Civil Rule 6.3 or Rule 60(b) of the Federal Rules of Civil Procedure from the transferor court's November 17, 2015 Memorandum

---

[4] Plaintiff attaches to his amended complaint a copy of a decision of what may be Green Haven's Inmate Grievance Resolution Committee (IGRC). The handwritten decision is faded and is mostly unreadable, but Plaintiff signed that decision, indicating that he agreed with it, yet he wished to appeal to the Superintendent.

3

and Order, the Court denies his request. Plaintiff has not shown any reason in his amended complaint why this Court should examine the transferor court's reasons for dismissing some of Plaintiff's claims in its November 17, 2015 Memorandum and Order. If Plaintiff wishes further judicial review of those claims, he may seek it in an appeal in the Court of Appeals, once this action has concluded in this Court.

**B.    Fourth Amendment Claims**

To the extent that Plaintiff asserts Fourth Amendment claims arising from the September 10, 2015 search of, and seizures within, his Green Haven cell, those claims must be dismissed. The Supreme Court has made clear that "the Fourth Amendment has no applicability to a prison cell." *Hudson v. Palmer*, 468 U.S. 517, 536 (1984); *see Willis v. Artuz*, 301 F.3d 65, 69 (2d Cir. 2002) ("One of the incidents of confinement for a convict is the loss of privacy, which serves the legitimate purpose of retribution as well as the institutional security needs of the prison system."). The Court therefore dismisses Plaintiff's Fourth Amendment claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Prison Officials' Failure to Follow Grievance Procedures and Investigate**

Plaintiff also fails to state a § 1983 claim arising out of the defendants' alleged failure to follow grievance procedures and investigate his claims regarding the search of his cell and the seizures of his property. *See, e.g., Quezada v. Roy*, No. 14-CV-4056 (CM), 2015 WL 5547277, at *9 (S.D.N.Y. Sept. 18, 2015) ("[A] prison official's failure to investigate a prisoner's grievances or complaints [is not] actionable under § 1983."); *Chadwick v. Mondoux*, No. 9:05-CV-0975 (GLS) (GJD), 2007 WL 2891655, at *6 (N.D.N.Y. Sept. 28, 2007) ("Courts have consistently held that because grievance[] procedures are undertaken voluntarily by ... New York and other states, they are ***not constitutionally required.*** Because the grievance procedures are not constitutionally

4

required, a violation of those procedures or the failure to enforce them does not give rise to a claim under section 1983.") (citations omitted, emphasis in original). The Court thus dismisses, for failure to state a claim on which relief may be granted, Plaintiff's claims with respect to the defendants' alleged failure to follow grievance procedures and investigate his claims; this includes all of Plaintiff's claims against Defendants William, Smith, and Allen, and some of his claims against Defendant Griffin. *See* § 1915(e)(2)(B)(ii).

## D. Access to the Courts

A claim that a prisoner's right of access to the courts has been denied may arise from the frustration or hindrance of "a litigating opportunity yet to be gained or an opportunity already lost." *Christopher v. Harbury*, 536 U.S. 403, 414 (2002). To state a claim of denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Cancel v. Goord*, No. 00-CV-2042 (LMM), 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001); *see Harbury*, 536 U.S. at 415; *Lewis v. Casey*, 518 U.S. 343, 350-53 (1996). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the access-to-the-courts claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 546 U.S. at 415.

Plaintiff seems to allege that as a result of Defendant Griffin's policy regarding the presence of legal documents in Green Haven cells, Plaintiff's legal documents were seized, denying Plaintiff access to the courts. But Plaintiff fails to allege sufficient facts showing that he suffered actual injury as to his associated litigation. Thus, to the extent that Plaintiff asserts § 1983 claims of denial of access to the courts against Defendant Griffin, arising from the seizure of

Plaintiff's legal documents from his Green Haven cell, the Court dismisses those claims without prejudice to Plaintiff's reasserting those claims in a second amended complaint.

### E. Service on Defendant Griffin

To allow Plaintiff to effect service on Defendant Griffin – as to a remaining procedural due process claim – through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Griffin. The service address for Defendant Griffin is the Green Haven Correctional Facility, 594 Route 216, Stormville, New York 12582-0010. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant Griffin.

It is Plaintiff's responsibility to ensure that service is made within 120 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendants William, Smith, and Allen, and some of Plaintiff's claims against Defendant Griffin, for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses without prejudice Plaintiff's claims of denial of access to the courts against Defendant Griffin.

The Court directs the Clerk of Court to correct the docket of this action so that any claims that the United States District Court for the Eastern District of New York dismissed in its November 17, 2015 Memorandum and Order (ECF No. 8) – Plaintiff's claims against Defendants

Hale and Scarella, as well as his claims against the "John Doe" Defendants – are noted as terminated as of the date of entry of that Memorandum and Order.

The Court further directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package. The Court also directs the Clerk of Court to complete a USM-285 form with the address for Defendant Griffin and deliver all documents necessary to effect service of the amended complaint (ECF No. 15) on Defendant Griffin – as to a remaining procedural due process claim – to the U.S. Marshals Service.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 14, 2016
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge