UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL McCOLLOUGH,

                Plaintiff,

  -against-

ANTHONY GRIFFIN, Superintendent of Green
Haven Correctional Facility,

              Defendant.

16-cv-1783 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge

By letter dated March 20, 2017, *pro se* incarcerated Plaintiff Michael McCollough

updated the Court that, as noted in his prior letter of November 17, 2016, service of process was

returned unexecuted against Defendant "Anthony Griffin," who Plaintiff describes as the

"custodian at Green Haven Correctional Facility[.]" The Court assumes that Mr. McCollough is

attempting to name the superintendent of the correctional facility, *Thomas* Griffin, and therefore

directs the New York Attorney General's Office to determine the identity of the yet-to-be served

named defendant "Griffin" within thirty days of the date of this order. *See Valentin v. Dinkins*,

121 F.3d 72, 76 (2d Cir. 1997) (a *pro se* litigant is entitled to assistance from the district court in

identifying a defendant).

Once the proper    identity of the unknown Griffin is determined, the Attorney General's

Office will provide this information, along with the address where such individual may be

served, in writing to the Court. Once that information is received, the Court will issue an order



directing the Clerk of the Court to send instructions to Plaintiff to effect service on the proper

defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. Additionally at

that time, the Court may also substitute the name of the proper defendant for the currently named

defendant remaining in this action. Fed. R. Civ. P. 15(c).

The Clerk of Court shall mail a copy of this order and the amended complaint to:

> The Attorney General of the State of New York
> 120 Broadway
> New York, New York 10271-0332

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a non-frivolous issue).


Dated:   April 7, 2017                                    SO ORDERED:
         White Plains, New York

                                           _____
                                                  NELSON S. ROMÁN
                                              United States District Judge


Copy mailed to:

Mr. Michael McCollough
91-A-1385
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York  10562

IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 01 2016

BROOKLYN OFFICE

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF NEW YORK

------------------------------------X
                                     :
MICHAEL MCCOLLOUGH,                  :
                                     :
                    Plaintiff,       :        FIRST AMENDED PETITION
                                     :
      -against-                      :          15 Civ 0619(AMON)
                                     :
ANTHONY GRIFFIN, Superintendent,     :        15-cv-691-CBA-CLP
Green Haven Correctional Facility,   :
E. William, Administrative Dept.,    :
Green Haven Correctional Facility,   :
D. Smith, Claim Officer,             :
Green Haven Correctional Facility,   :
R. Allen, Claim Officer,             :
Sing Sing Correctional Facility,     :
et al.                               :
                                     :
                    Defendant(s).    :
                                     :
------------------------------------X


<><><><><><><><><><><><><><><><><><><><><><><><><><>

MICHAEL MCCOLLOUGH 42 U.S.C. §1983
FIRST AMENDED PETITION

<><><><><><><><><><><><><><><><><><><><><><><><><><>



By: Michael McCollough


Sing Sing Corr. Fac.
354 Hunter Street
Ossining NY 10562

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
---------------------------------------X
                                       :
MICHAEL MCCOLLOUGH,                     :
                                       :
                    Plaintiff,          :       FIRST AMENDED PETITION
                                       :
        -against-                       :       15 Civ. 0619(AMON)
                                       :
ANTHONY GRIFFIN, Superintendent,        :
Green Haven Correctional Facility,      :
E. Willams, Administrative Dept,        :
Green Haven Correctional Facility,      :
D. Smith, Claims Officer,               :
Green Haven Correctional Facility,      :
R. Allen, Claims Officer,               :
Sing Sing Correctional Facility,        :
et al.                                  :
                    Defendant(s).       :
                                       :
---------------------------------------X
```

## PRELIMINARY STATEMENT

1. Plaintiff moves this Court with a First Amended Petition to his civil action pursuant to 42 U.S.C. §1983 claim of entitlement within the proscribed limitation set out by **Willey v. Kirkpratick**, 801 F.3d 51 (2nd Cir. 2015), which set the boundaries in this tort action taken in further of such policy under attack ran afoul of substantive and constitutional protection affording full access to the court.

2. Plaintiff complied with all condition precedents prior to filing this action in acerd with **Shomo v. City of New York**, (2nd Cir. 2009).

1

3. Monetary damages, are also sought for defendants continuous violation and repeated unconstitutional conduct that occurred over a series of days or perhaps months in furtherance of its unconstitutional policy viz individually or collectively, acted outside their authority of its employment which lead this Court and other courts grant summary judgment in favor of opposing counsels submission was arbitrarily unjust, and thereby constitute a viable cause of action for relief.

4. This civil action brought under 42 U.S.C. §§1983 and 1985 seeking, $1,000,000 in damages, for conduct by virtue of confiscating legal irreplaceable documents and thereby frustrated an ongoing criminal reinvestigation by the Kings County District Attorney's office, and hampered Plaintiff's ability to respond effectively to States affirmative pleadings that serves no penological interest. Defendants are equally liable for retaliatory transfer and frustrated the grievance process right to be heard collectively and/or individually raise a viable civil violation to proceed further in this action.

5. Defendants indefensible actions resulting from substantive and unconstitutional wrongdoing individually or collectively is liable equally, by acts having this Court dismiss the original complaint inasmuch as the date writing this First Amended Petition, the Kings County District Attorney is utilizing this Court's decision urging the state court to dismiss Plaintiff's motion to vacate the judgment of conviction on different grounds this Court reached in furtherance to the challenged policy cannot withstand constitutional scrutiny.

2

## PARTIES ADEQUATELY APPRAISED OF CONSTITUTIONAL VIOLATION

6. Plaintiff MICHAEL MCCOLLOUGH, is a prisoner at Sing Sing Correction & Community Supervision, 354 Hunter Street, Ossining, New York 10652.

7. Anthony Griffin, Superintendent at Green Haven Correction & Community Supervision, who was adequately apprised of, and on notice to, as the custodian policymaker failed to take preventable actions and remedial measures to terminate wrongdoing by his subordinates and thereby liable in this tort action individually.

8. E. Williams, Deputy Superintendent of Administration, at Green Haven Correction & Community Supervision, who was adequately apprised of, and on notice to, as the principle appeals officer, failed to take any corrective action to remedy error and omission, and with the requisite state of mind enacted a policy to her subordinates to commit the underlying violation, and fall within the continuous doctrine thereon.

9. D. Smith, Claims Officer, at Green Haven Correction & Community Supervision, who was adequately apprised of, and on notice to a moral certainty that such policy, procedure, regulations proscribed by herein implicates a continuous cause of action, and causally connected failure to afford a remedy confiscating Plaintiff's legal documents, and relevant thereupon and/or affirmatively linked to frustrating pending State and Federal litigation and thereby demonstrate direct proximate cause of action in Plaintiff's inability to communicate with the courts freely.

3

10. R. Allen, Claims Officer, at Sing Sing Correction & Community Supervision, which was adequately apprised of, and on notice to a moral certainty that such policy, procedure, regulation and in furtherance to this regulation refused to investigate Plaintiff's complaint through state administrative mechanism constitute a direct proximate and substantive cause of action.

## PROCEDURAL AND FACTUAL BACKGROUND

11. On or about the 2nd day of June, 2014, Plaintiff filed a complaint to the New York State Administrative Judge Honorable Matthew J. D'emic, arguing that the lower court failed to properly file Plaintiff article 78 petition compelling discovery by the Kings County District Attorney's Office which is attached herewith as Exhibit A.

12. On the 30th day of October, 2014, Plaintiff notified William Lee, former superintendent at Green Haven Correction & Community Supervision, and principle policymaker of pending state court litigation, and request exemption confiscating legal documents of an ongoing criminal investigation was granted.

13. Because Plaintiff could not avail himself demonstrated in ¶ 10-11 above, failed a civil action compelling discovery for the stated reasons discussed in this Court's November 17, 2015 decision and order dismissing the complaint, but granted leave to file a First Amended Petition.

14. Subsequently, Anthony Griffin replaced William Lee as the legal custodian at Green Haven Correction & Community Supervision and radically implicated new policy, procedure and

regulation by directing his subordinates to confiscate legal and personal property protected under former superintendent's regulation policy and procedures.

15. On the 10th day of September, 2015, Plaintiff was extracted from his cell by unidentified correction officers where his cell searched without being present, and only confiscated Plaintiff's typewriter and legal documents prepared for responsive pleading in state and federal litigation that is now before this Court. This undeniably closed the doors to unfettered access to the Court and constitute a viable cause of action to proceed further in this action.

16. On or about the 15th day of September, 2015, Plaintiff filed a institutional claim forwarded to the claim officer D. Smith to process to no avail. On the 3rd day of October, 2015, plaintiff filed a complaint to the Deputy of Administration E. William, appeals claim officer arguing constructive denial by the claim officer D. Smith failure to process the claim within the guidelines set forth in Section III, IV and V of Directive 2733 which is attached herewith as Exhibit B.

17. On or about the 20th day of September, 2015, Plaintiff filed a grievance under #GH-80902-15 & GH-80952-15, repeating the same allegation in ¶ 13-15 above. Plaintiff appealed to the superintendent of the constitutional violation and failed to act in accord to a three-step grievance process and thereby frustrated appellate review attached herewith as Exhibit C.

18. On about the 29th day of November, 2015, Plaintiff

5

notified R. Allen, claims officer at Sing Sing Correction &
Community Supervision of his continuous duty to act as liaison
in furtherance to Green Haven Correction Facility colleagues
continuous violation discussed above, and made no effort
whatsoever to locate Plaintiff's property or elsewhere in
contravene to **Brownell v. Kron**, 446 F.3d 305, 312 (2nd Cir.
2006).

### PLIANTIFF'S INJURIES AND DAMAGES

19. Plaintiff injuries and damages are a direct
consequences of this Court's decision and order prevented
Plaintiff filing additional submission to establish a plausible
cause of action to proceed further in accord with **Myers v.**
**Phillips**, 04 Civ. 4365(ERG)(RMG) (1983 constitute viable vehicle
compelling grand jury testimony of police officer who testified
at trial was less than forthright). Viewed under this analysis,
Defendant's action stood as a bar in accordance to substantive
and constitutional protection placed on Plaintiff's
irreplaceable legal documents and suffered:

> (A) retaliation, emotional destructive damages and
> lost of irreplaceable legal documents stored for
> safekeeping in Plaintiff typewriter;
>
> (B) denied state and federal legal protection though
> its grievance administrative process right to be heard
> and bring about a final resolution of the First
> Amended Complaint herein;
>
> (C) denied the opportunity to pursue normal access to
> the court demonstrative in the original complaint and
> abroad; and,

(D) incurred other items in attendant to damages.

20 Plaintiff repeats and realleges every allegation contained in the original and First Amendment Petition, and hereby incorporates them as though fully set forth herein.

21. Acting individually or collectively, defendants failed to correct wrongdoing by its subordinates perpetuated and ratified such misconduct in the days Plaintiff filed the injunction on defendant's to prevent foreseeable wrongful acts and thereby operated to deprive Plaintiff's rights under the Constitution and the laws of the United States, that is:

> Prisoners retain the right to have in their possession legal documentation stored in their personal typewriter pursuant to **Willy v. Kirkpatrick**, **supra**, and affirmed by its progeny is federally constitutionally protected.

I. For the foregoing violation of Plaintiff's right amounted to Federal Constitutional tort action finding defendant's clearly acted outside the scope of their employment and authority of defendant's involvement.

II. For the foregoing of Plaintiff's Federal Constitutional rights were directly and substantively caused by conduct to Plaintiff's unfettered access to and other courts pending litigation.

III. The institution and implementation of unlawful policy, procedure, regulation, practices and/or customs concerning:

A. The continuous obligation and without good cause search

Plaintiff's cell without being present in accord with **In the Matter of Mongo v. Chappius**, 106 A.D.3d 1160, 966 N.Y.S.2d 233 (3rd Dep't 2013), and the first infraction remedied by employing proper policy, procedure and regulation for the purpose of unfettered access to this and other courts pending litigation was clearly established.

B. The continuing obligation for Plaintiff to be heard before disposal of inmate personal property, and the right to challenged the wrongful action through the grievance process was employed in a arbitrary and unjust manner.

C. The aforesaid unlawful procedure, regulation, practice and/or customs including but not limited to, failure to properly instruct, supervise and/or discipline claim officer(s) with regard to their continuous duty to protect error and omissions upon notice, where the policy-makers, who knew to a moral certainty that such policy, procedure, regulation and/or custom was derailed by a higher court of competent jurisdiction the court which declared such acts arbitrarily impermissible, and in spite their knowledge and recognition of said authority enacted policy, procedure, regulation, practice and/or customs infringing upon Plaintiff's substantive and constitutional protection to irreplaceable legal documents and thus satisfies a viable tort federal action.

D. Supervisor's as policy-maker's failed to take any preventable or remedial measures to terminate the underlying actions and did not discipline or otherwise properly supervise their subordinates who intentionally engaged in the wrongful act,

8

with regard to the proper constitutional and statutory protection in the exercise of their authority, including but not limited to, the three-step grievance process under N.Y. Comp. Codes R & Regs tit 7 § 701.7(c)(4), and incorporated by reference.

E. And, by virtue of the foregoing, each defendant in his or her personal capacity is liable for having substantively caused for the aforementioned violation of plaintiff's constitutional rights and his injuries.

WHEREFORE, Plaintiff demands a judgment against each defendant as follows:

I. Compensatory damages in the amount of one-hundred thousand dollars ($1,000,000.00),

II. Purchase typewriter anew;

III. For -prejudgment interest and allowed by law;

IV. For such and further relief as this Court may deem just and proper.

Respectfully submitted,

Mr. Michael McCollough
Appearing Pro se
Sing Sing Corr. Fac.
354 Hunter Street
Ossining, NY 10562

Dated: Ossinging N.Y. 10562
       January 22, 2016

9

Mr. Michael McCollough
91-A-1385
Green Haven Corr. Fac.
P.O. Box 4000
Stormville, New York 12582


22 August 2014


Hon. Matthew J. D'Emic
Administrative Judge
Unified Court System
320 Jay Street
Brooklyn, New York 11201

In re: Article 78 From Being Heard
       People v. Michael McCollough - Ind. No. 15779/89

Dear Hon. D'Emic:

By papers dated May 23, 2014, I filed a compliant as it relates
to a Special Article 78 Petition in the County of Kings,
compelling the Kings County District Attorney Office to disclose
information in their possession that remain unattended for
approximately six months and thereby allowing the People to
operate in secret cannot be countenance.

By letter dated June 11, 2014, c/o Ms. Doris Bergemann,
acknowledged receipt of the complaint and respond accordingly.
She indicated my Article 78 petition was located and it was being
return for error-correction.  I properly corrected the alleged
errors and re-filed the Petition as directed by the clerk of the
court.

Subsequently, on or about July 18, 2014, (Kings County) ADA Mark
Hale, invited me to make additional finding detailing my actual
innocence in light of Detective Louis Scarcella's role in my case
that is currently being reinvestigated.  In turn, I filed
additional submission but unable to further my goal without
additional information available through the Article 78 petition
insofar as my inability to simply file the Article 78 Petition
hampers my effort to submit additional factual finding, and
likewise prevents me from being heard by an independent judicial
arbiter cannot be sustain.

Letter to Hon. D'Emic
22 August 2014
Pg. 1 of 2

Despite a vivid correlation exist between the Kings County Office reinvestigating my case, filing of the Article 78 Petition compelling disclosure, and for unknown reasons the Petition "will not be processed" is not inadvertent.    Denying access to the Court in of itself constitute a serious substantive violation, and no further articulation is required when the unreasonabless being challenged is not being heard and thereby strikes at the very nature of a arbitrary process itself, coupled with the Kings County District Attorney's Office engaging in these "stealth proceeding," is simply outrageous.

Indeed, when strict observance by the judicial branch and practitioners alike are continuously counseled that deny access to the court is a complete divergence to the protection in accord with the First Amendment, there is no legitimate justification by the clerk of the courts to be lead astray and decline filing pleading to be heard is constitutionally repugnant to preform a duty enjoined upon them by law.

More substantively, the Kings County District Attorney's Office is obligated to response under a court order to answer the 78 Petition, and regardless (or for that matter), no decisional case law authorize an exemption or a complete bar from being heard because a case is being reinvestigated would be by far inconsistent to bring about a resolution to a wrongful conviction.  Simply put Hon. D'Emic, additional information to my innocence lies and/or is located during the course by the Kings County reinvestigation and disclosable via Article 78, and to bar any party being heard by an independent arbiter offends the very principle it  sought out to protect, and since this "process" complaint of is breached it screams out for judicial intervention, which is now before you to resolve.

In the hope I heard from you shortly in regard to my request, and with great appreciation for your anticipated courtesies, I remain,

Very truly your,

*M. McCollough*

Mr. Michael McCollough

cc:  File



STATE OF NEW YORK
UNIFIED COURT SYSTEM
SECOND JUDICIAL DISTRICT, SUPREME COURT
320 JAY STREET
BROOKLYN, NEW YORK 11201
PHONE (347) 296 - 1000 • FAX (347) 296 - 1327

HON. MATTHEW J. D'EMIC                                              DORIS BERGEMANN
Administrative Judge for Criminal Matters                           Principal Law Clerk

June 11, 2014

Mr. Michael McCollough
DIN # 91-A-1385
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-4000

    Re:  Your Inquiries respecting Article 78 petition/Hon. Desmond Green
          *People v. Michael McCollough  -  Kings County Ind. No. 15779/1989*

Dear Mr. McCollough:

    This office is in receipt of your correspondence dated May 23, 2014, which was received here on June 2, 2014. Honorable Matthew J. D'Emic, Administrative Judge for Criminal Matters in the Second Judicial District, has asked me to respond on his behalf.

    With regard to the status of your "Special Article 78 Proceeding," please be advised that the packet containing your Article 78 papers has been located, and your papers were transferred to the Ex Parte Office/Part 72 in Kings County Supreme Court, Civil Term for processing (as a special proceeding is a civil matter). For your reference, the Ex Parte Office is located in Kings County Supreme Court, Civil Term, 360 Adams Street, Room 295, Brooklyn, New York 11201.

    This office cannot address the other matters referenced in your letter as we have no specific information regarding same. However, we have forwarded a copy of your letter to Judge Green's chambers.

               Very truly yours,

               Doris Bergemann
               Principal Law Clerk

cc:    Honorable Desmond Green

STATE OF NEW YORK
DEPARTMENT OF CORRECTION & COMMUNITY SUPERVISION
GREEN HAVEN CORRECTIONAL FACILITY

INTER - DEPARTMENTAL COMMUNICATION

30 October 2014

TO:  William Lee, Superintendent
FR:  MCCOLLOUGH, Michael 91-A-1385, E6-75
RE:  Legal Material/Pending Litigation

**************************************

As per our conversation dated the 30th day of October 2014,
enclosed is verification pending litigation that will generate
further pleading to vindicate my innocence which commenced 25
years earlier, and well documented in my counsel's files.

The present legal material played a significant role that
likewise will require for future litigation until completeness.

Accordingly, based upon the foregoing reasons, I appreciate an
exemption in accord with ongoing property limitation.

Sincerely,


Mr. Michael McColough

cc:  Mark J. Hale
     Assistant District Attorney

Enclosure w/documents

STATE OF NEW YORK – DEPARTMENT OF CORRECTION
COMMUNITY & SUPERVISION
GREEN HAVEN CORRECTIONAL FACILITY

INTER-DEPARTMENTAL COMMUNICATION

October 3, 2015

TO: Administrative Dep. E. Williams
FR: MCCOLLOUGH, Michael, 91-A-1385, E-236
RE: Constructive Denial Claim Process

**********************************************

Having received notice of claim filed on the 15th day of
Sept. 2015, herein appeal the constructive denial by the
claim officer failure to process the claim within the
guideline set forth in Section III IV, and V of Directive
2733 (Inmate Personal Property).

On the 10th day of September 2015, at approx. 6:45 a.m.,
claimant was extracted from his cell for urinalysis test.
Approx. 11:33 a.m., claimant was returned to his cell and
discovered it was searched and typewriter & personal legal
documents was confiscated. Claimant learned thereafter that
the typewriter was placed in the garbage and no contraband
receipt was issued.

As per Directive 4901, provides the presence of the inmate
cell being searched and clearly DOCCS's employees deviated
from this rule and act outside compliance with the regulatory
scheme. Lacking any justification and documentation
whatsoever it makes the action described herein impossible to
give any meaningful investigation predicated upon DOCCS's
misconduct and thus entitled to full compensation.

<u>DISPOSAL OF PERSONAL PROPERTY</u>

As per Directive 4913 (disposal of personal property) does
not give authority to DOCCS's employee and its agents to
place claimant's typewriter in the garbage, that otherwise
set forth criteria in furtherance issuing a contraband
receipt. To do otherwise DOCCS clearly acted outside
compliance with Dir. 4913.

As repeated herein and part thereof claimant's personal
property was immediately disposed by placing his typewriter
in the garbage and constitute will full and/or intentional
conduct and thereby violate and explicit right to be heard,
challenging improper and egregious conduct of DOCCS,s
employee's actions. By failure to afford claimant a hearing
is remedied by Directive 4913, and enumerated sections
granting full compensation.

## CLAIMANT ESTABLISHED OWNERSHIP

Claimant established ownership by personal copy of permit; package room permit; other verifiable documentation of pending wrongful conviction ongoing by Kings County ADA Mark Hale.

## JUDICIAL NOTICE

Please take judicial notice that, the Supreme Court acknowledged DOCCS often choose unfavorably to offenders claims of wrong doing and favor their colleagues is intolerable misconduct.

By such unreasonable performance by the claim officer's failure to investigate his colleagues improper and egregious conduct despite the wealth of evidence in support of DOCCS's wrongdoing is exactly what the Supreme Court envision to be unacceptable. The claim review officer failed to act in the allocated time specified in Section III, IV and V of Directive 2733, and thereby constitute a constructive denial in part and every part thereof as a whole.

Claimant is not required to pray his claim will be conducted in compliance with the full text of 2733, that is otherwise binding and enforceable to its state actors. Here DOCCS undermined respect for claimant's personal property, and thus must be held liable.

Accordingly, the claim officers' arbitrary actions is design to avoid DOCCS's improper act and omission and must be held liable for equitable relief.

cc: Grievance Committee

   Mark Hale, Esq.
   ADA Kings County

   Hon. Shawady L. Simpson
   Supreme Court

   Carol Bagel Amon
   United States District Judge
   15 Civ. 0691

TO:   GRIEVANCE SUPERVISOR
FROM: Michael McCollough, 91-A-1385, E-2-236
DATE: SEPTEMBER 15, 2015
RE:   VIOLATION DIRECTIVE 4910

<> <> <> <> <> <> <> <> <> <> <> <> <> <> <> <> <> <> <> <> <> <>

Preliminary Explanation:  This complaint is being filed as a
recurring pattern violation of Directive 4910, which requires
Grievant's Presence During Cell Search Elected to disregard is
Liable.

On or about September 10, 2015.  Grievant was removed from
his Cell by Prison Staff and confiscated a Typewriter & Legal
Documents.  Despite Grievant is entitle to a Hearing to Contest
the legality and/or Authorization at confiscated items thereupon
was non-existence.

The Kings County District Attorney Initiated a wrongfully
Conviction Investigation, and said legal Documentation Confiscated
Relates to this ongoing Legal Proceeding, well documented by this
Facility Legal Counsel Constitute Deliberated and Malicious intent
to impede Grievant's Claim of actual Innocence and thereby
Implicates Actionable Violations that is obvious on its face.

ACTION REQUESTED:  Return Grievant's Typewriter & Legal
Document in Violation of Dir. 4910.

Grievant's Signature: _M. McColby_____   DATE: _9/15/15_

CC:   Mark Hale Esq.
      ADA- Kings County

      Hon. Shawndya L. Simpson
      Supreme Court Justice

      Carol Bagel Amon
      United States District Judge

0/2014

## INMATE GRIEVANCE RESOLUTION COMMITTEE
## ACKNOWLEDGEMENT OF RECEIPT

TO: _McCollough_____ DIN _91A1385_ LOC. _E2- 236_

FROM: IGRC OFFICE: Incident date:_____ Action Request:____Signature:____

CODE ___29___ TITLE: _Return Typewriter + Legal Documents_

This notice is to inform you that your grievance has been received by this office on

_____10/1_____. It has been given the log number GH _80952-15_

Your log number, DIN, and cell location must be included on any inquiry made concerning your grievance.

Upon completion of an investigation into your grievance, you will be scheduled for an IGRC hearing. According to Directive #4040 if you do not appeal for the hearing without a legitimate reason, the IGRC will hold a hearing in absentia.

If your grievance is numbered as part of a consolidated issue, you may or may not be called for a hearing. However, you will receive a copy of the grievance committee's decision, and you may appeal any decision in accordance with Directive #4040.

Directive #4040 701.3(a) *Inmate's Responsibility*. An inmate is encouraged to resolve his complaints through the guidance and counseling unit the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance. Although a facility may not impose pre-conditions for submission of a grievance, the failure of an inmate to attempt to resolve a problem on his own may result in the dismissal and closing of a grievance at an IGRC hearing.

*Notice of Return: *Please resubmit with correction requested.**

Please be advised that your grievance received on _____, is being returned to you via callout for one or more of the following reasons. You will be placed on a callout to meet with an IGRC Inmate Representative to make any necessary corrections.

___No action request, please indicate one.    ___No incident date noted.

___No signature    ___Non-grievable per Directive #4040

___Unable to understand handwriting.

___Other (as indicated below):    OCT 0 8 2015

_____
_____
_____

IGP Supervisor Stanaway_____ ___

FORM 21312E (REVERSE) (9/12)

**Response of IGRC:**     *McCollough  91A1385*     *Code 23*
*Gr 80902-15*
*Gr 85958-15*

*Split: Two staff agree w/investigation.*
*Two Rep recommend that grievant's supervisor*
*be located verified [illegible] members are [illegible].*
*If can be [illegible] reimbursement will [illegible]*
*applied.*

Date Returned to Inmate: _____    IGRC Members: _____

Chairperson: _____

Return within 7 calendar days and check appropriate boxes.*

☐ I disagree with IGRC response and wish to
appeal to Superintendent.

☒ I agree with the IGRC response and wish to
appeal to the Superintendent.

☐ I have reviewed deadlocked responses.
Pass-Thru to Superintendent.

☐ I apply to the IGP Supervisor for
review of dismissal.

Signed: *M. McCollough*
Grievant

Date  *10/29/15*

_____    _____
Grievance Clerk's Receipt                    Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent: _____
Date

Grievance forwarded to the Superintendent for action: _____
Date

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

SING SING CORRECTIONAL FACILITY

M E M O R A N D U M

INMATE CLAIMS

TO:        McCOLLOUGH        DIN# 91A1385        HBA-L-23

FROM:    C.O. R. ALLEN / INMATE CLAIMS OFFICER

SUBJ.:    PROPERTY CLAIM

DATE:     DECEMBER 01, 2015

   This office has received your letter concerning a claim dated November 29, 2015. It is encumbrant upon you to write to Green Haven Correctional Facility to inquire about your request.