USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL McCOLLOUGH,

              Plaintiff,

-against-

ANTHONY GRIFFIN, Superintendent of Green Haven Correctional Facility,

              Defendant.

16-cv-1783 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Michael McCollough, proceeding *pro se*, commenced this action on February 9, 2015 against Defendant Thomas Griffin, Superintendent of the Green Haven Correctional Facility, alleging violations of 42 U.S.C. § 1983. Presently before this Court is a motion to dismiss Plaintiff's amended complaint ("Complaint," ECF No. 15) pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def.'s Mot. to Dismiss"), ECF No. 35.) For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

    Plaintiff alleges that in October 2014, while he was incarcerated in Green Haven Correctional Facility ("Green Haven"), William Lee, Green Haven's Superintendent at that time, issued Plaintiff what appears to be an exemption from having the legal documents in his cell confiscated. (Compl. ¶¶ 11 – 14.) Defendant Griffin then replaced Lee as Superintendent of

Green Haven. (*Id.* ¶ 14.) Plaintiff alleges that Defendant Griffin "radically implicated [sic] new policy, procedure and regulation by directing his subordinates to confiscate legal and personal property protected under [the] former [S]uperintendent's policy and procedures." (*Id.*) According to Plaintiff, as a result of Defendant Griffin's policy, Plaintiff was extracted from his cell on September 10, 2015, Plaintiff's cell was searched outside of his presence, and correction officers then confiscated his typewriter and legal documents from his cell. (*Id.* ¶ 15.) He asserts that the seizures "undeniably closed the doors to unfettered access to the Court[,] and constitute a viable cause of action to proceed further in this action." (*Id.*)

On or about September 15, 2015, Plaintiff filed an institutional claim that was forwarded to D. Smith, a Green Haven claim officer, for processing. (*Id.* ¶ 16.) Plaintiff states that his institutional claim came to "no avail." (*Id.*) On October 3, 2015, Plaintiff filed an administrative complaint with E. William, Green Haven's Deputy Superintendent of Administration, whom Plaintiff describes as an "appeals claim officer." (*Id.*) Plaintiff asserts that he stated in his administrative complaint to William that Smith had constructively denied the claim that Plaintiff had filed with Smith because Smith had "fail[ed] to process the claim." (*Id.*) On or about September 20, 2015, Plaintiff filed a grievance concerning the seizures of his property and the failure of Green Haven officials to act on his claims. (*Id.* ¶ 17.) Plaintiff appears to assert that he ultimately appealed his grievance to "the superintendent" which presumably refers to Defendant Griffin, who "failed to act in accord to [sic] a three-step grievance process and thereby frustrated appellate review."[1] (*Id.*)

---

[1] Plaintiff attaches to his Complaint a copy of a decision of what may be Green Haven's Inmate Grievance Resolution Committee ("IGRC"). The handwritten decision is faded and is mostly unreadable, but Plaintiff signed that decision, indicating that he agreed with it yet wished to appeal to the Superintendent.

2

On an undisclosed date, Plaintiff was transferred to Sing Sing. He states that he notified R. Allen, a Sing Sing claims officer, "of [Allen's] continuous duty to act as [a] liaison in furtherance to [sic] Green Haven Correctional Facility colleagues['] continuous violation," but Allen "made no effort whatsoever to locate Plaintiff's property." (*Id.* ¶ 18.) Plaintiff states that his "injuries and damages are . . . direct consequences of [the transferor court's] decision and order[,] [which] prevented Plaintiff [from] filing additional submission[s] to establish a plausible cause of action." (*Id.* ¶ 19.)

In an order issued on October 16, 2016 (ECF No. 22), the Court, *sua sponte*, dismissed E. William, D. Smith, and R. Allen from Plaintiff's Complaint for failure to state a claim on which relief may be granted. (*Id.*) The Court also dismissed without prejudice Plaintiff's claim of denial of access to the courts against Defendant Griffin, which leaves Plaintiff's procedural due process claim against Defendant Griffin as the sole surviving claim from Plaintiff's Complaint. (*Id.*)

## LEGAL STANDARDS

I. **Motion to Dismiss**

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In considering a 12(b)(6) motion, a court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but a court is "not bound to accept as true a legal conclusion couched as a

3

factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A court also need not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.*

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

Where a plaintiff proceeds *pro se*, the court must construe the complaint liberally and interpret it to "raise the strongest arguments that [it] suggest[s]." *Askew v. Lindsey*, No. 15-CV-7496(KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (quoting *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

## II.   42 U.S.C. § 1983 Claims

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal

statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.").

Here, Plaintiff alleges that the Defendants violated his Fourteenth Amendment procedural due process rights.

## DISCUSSION

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a procedural due process claim entitling Plaintiff to damages under § 1983, Plaintiff must show that Defendant acted under color of state law and "(1) that Defendant[ ] deprived him of a cognizable interest in life, liberty, or property, (2) without affording him constitutionally sufficient process." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (internal quotation marks omitted); *Bedoya v. Coughlin*, 91 F.3d 349, 351 – 52 (2d Cir. 1996). "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In New York, the law allows inmates to seek post-deprivation remedy in New York's Court of Claims, and the Second Circuit has held that this remedy is adequate to preclude

§ 1983 due process claims for the unauthorized deprivation of property. *Davis v. New York*, 311 F. App'x 397, 400 (2d Cir. 2009); *JCG v. Ercole*, No. 08-CV-3593(VM), 2014 WL 1630815, at *32 (S.D.N.Y. Apr. 24, 2014) (citing *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 361 (S.D.N.Y. 2010)). That the property confiscated were legal documents and a typewriter does not change this analysis. *Little v. Municipal Corp.*, 51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014) (holding that the allegation that the defendants removed the plaintiff's legal paperwork from his cell during a search was insufficient to state a due process claim because the plaintiff had an adequate post deprivation remedy); *Rodriguez v. Coughlin*, 795 F. Supp. 609, 613 (W.D.N.Y. 1992) (granting summary judgment for the defendants on the plaintiff's claim that the confiscation and loss of his legal documents during a cell search violated his constitutional rights); *Jordan v. Bellinger*, No. Civ.A. 98-230(GMS), 2000 WL 1239956, at *8 (D. Del. Aug. 28, 2000) (dismissing a plaintiff's claim that the seizure of his legal documents violated his due process rights because the plaintiff had adequate post-deprivation remedies under state law). Because there is an adequate post deprivation remedy, Plaintiff cannot state a procedural due process claim upon which relief can be granted for the confiscation of his property during the cell search.

Plaintiff also alleges that the search of his cell occurred outside of his presence. Construing Plaintiff's Complaint liberally, see *Askew v. Lindsey*, No. 15-CV-7496(KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016), the Court interprets this allegation as a due process claim. Cell searches outside the presence of inmates are not due process violations because inmates do not have a cognizable interest in life, liberty, or property in the privacy of their cells. *See Hudson v. Palmer*, 468 U.S. 517, 525 – 26 (1984); *Block v. Rutherford*, 468 U.S. 576, 590 (1984) (holding that conducting cell searches outside of the presence of pretrial detainees did not violate due process under the Fourteenth Amendment); *United States v.*

6

*Carrasquillo*, No. 03-CR-952(NRB), 2004 WL 102774, at *2 (S.D.N.Y. Jan. 21, 2004) (holding that an inmate's due process rights were not violated by a search of his cell in his absence). Thus, Plaintiff has not stated a facially plausible claim upon which relief can be granted for the search of his cell outside of his presence.

Finally, Plaintiff claims that Defendant Griffin failed to act on Plaintiff's grievance about the removal of his property from his cell. Specifically, Plaintiff alleges that he "appealed to the superintendent of the constitutional violation and failed to act in accord to a three-step grievance process and thereby frustrated appellate review attached herewith as Exhibit C." (Compl. ¶ 17.) Attached to Plaintiff's Complaint is what appears to be Plaintiff's grievance, dated September 15, 2015 and addressed to the "Grievance Supervisor." There is no appeal directed to Defendant Griffin. Plaintiff's Complaint contains no other facts to suggest that Defendant Griffin failed to adhere to the grievance procedure or that Defendant ever actually received the appeal. Plaintiff's conclusory allegations are insufficient to establish that Defendant failed to follow the grievance procedure, depriving Plaintiff of his property without constitutionally sufficient process. Assuming Plaintiff stated a facially plausible claim, the claim would still be dismissed based on lack of personal involvement. Failure to act on a grievance or appeal is not personal involvement under § 1983. *See Rivera v. Bloomberg*, Nos. 11–CV–629, 11–CV–4325, 2012 WL 3655830, at *6 (S.D.N.Y. Aug. 27, 2012); *Ward v. LeClaire*, No. 07-CV-6145, 2008 WL 3851831, at *3 (W.D.N.Y. Aug. 14, 2008).[2]

Although courts must construe complaints of *pro se* plaintiffs liberally, *pro se* plaintiffs are not exempt from compliance with procedural and substantive laws. *Askew v. Lindsey*, No. 15-

---

[2] Defendant's motion to dismiss also argues that Defendant is entitled to qualified immunity and that Plaintiff failed to plausibly allege that Defendant was personally involved in any alleged due process violation. (Def.'s Mot. to Dismiss pp. 3 – 5.) Because the Court dismisses Plaintiff's Complaint, the Court need not address Defendant's personal involvement or qualified immunity arguments.

CV-7496(KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016). Accordingly, because there is an adequate post-deprivation state remedy for Plaintiff's claims about his property and because Plaintiff's Complaint contains no other facts sufficient to support a facially plausible due process violation, Defendant's motion to dismiss must be granted.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss the Complaint is GRANTED with leave to replead. Plaintiff shall have until November 26, 2018 to file a Second Amended Complaint. The Court respectfully directs the Clerk of the Court to mail a copy of this opinion to Plaintiff at Plaintiff's address on the docket and to show proof of service on the docket. The Clark of the Court is also respectfully requested to terminate the motion at ECF No. 35.

Dated: October 25, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge