UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL McCOLLOUGH,
       Plaintiff,

-against-

THOMAS GRIFFIN,

       Defendant.

---

No. 16-CV-1783 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

 Plaintiff Michael McCollough, proceeding *pro se*, brought this action against Defendant Thomas Griffin alleging violations of 42 U.S.C. § 1983. ("Amended Complaint," ECF No. 15.) On October 25, 2018, this Court issued an Opinion and Order granting Defendant's motion to dismiss the Amended Complaint and granting Plaintiff leave to file a second amended complaint until November 26, 2018. ("Opinion & Order," ECF No. 41.) On December 20, 2018, Plaintiff attempted to file a second amended complaint, (*see* ECF No. 45), and Defendant submitted a letter requesting that the Court reject Plaintiff's second amended complaint as untimely or grant a pre-motion conference for Defendant's anticipated motion to dismiss. (*See* ECF No. 46.) On January 2, 2019, the Court issued an order granting Defendant's application to reject the proposed second amended complaint. ("Order," ECF No. 47.) Presently before the Court are Plaintiff's motions for reconsideration of the Order. (ECF Nos. 51 & 53.) For the following reasons, Plaintiff's motions for reconsideration are DENIED.

## LEGAL STANDARD

 Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and

quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-CV-3430, 2006 WL 1423785, at *1 (2d Cir. 2006). Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b), and "[t]he standard for granting a motion for reconsideration . . . is strict." *Targum v. Citrin Cooperman & Co., LLP*, No. 12-CV-6909 (SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Indeed, reconsideration will generally be denied " 'unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' " *Pac. Life Ins. Co. v. Bank of New York Mellon*, No. 17-CV-1388 (KPF), 2018 WL 1871174, at *1 (S.D.N.Y. Apr. 17, 2018) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration, however, "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted). Nor is such a motion "an occasion for repeating old arguments previously rejected . . . ." *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2008 WL 4355406, at *2 (S.D.N.Y. Sept. 23, 2008) (internal quotation marks omitted).

Further, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted).

## DISCUSSION

Through Plaintiff's motions for reconsideration, Plaintiff, citing to *Johnson v. Avery*, 393 U.S. 483, 494 n.10 (1969), argues that *pro se* litigants require different treatment than parties represented by counsel and that the Court should have allowed him additional time to file his second amended complaint. He also argues that his delivery of the second amended complaint to

2

the Court occurred timely on November 26, 2018 and that he requested an extension of time in a letter dated October 20, 2018 but that this letter was never answered.

The Court finds that these arguments are without merit and, moreover, are not indicative of a misapplication of the law.

First, while Plaintiff is correct that *pro se* plaintiffs are entitled to lenient treatment, *Johnson* does not support his argument that this leniency requires the Court to accept his untimely second amended complaint. *See McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). Instead, in *Johnson*, the Supreme Court held that a state regulation prohibiting inmates from assisting other inmates in preparation of petitions for postconviction relief was a violation of habeas corpus. *Johnson*, 393 U.S. at 490. Unlike the Plaintiff in *Johnson*, Plaintiff has already prepared and the Court has reviewed two petitions for relief, his initial complaint and then his first amended complaint. (ECF Nos. 1 & 15.) Plaintiff's second amended complaint was dismissed because Plaintiff failed to follow a Court order. The Court has afforded Plaintiff with the leniency required for those proceeding *pro se* and reconsideration is not warranted. *See McDonald*, 850 F.2d at 124 ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders.").

Second, there is no evidence that Plaintiff mailed a second amended complaint to the Court by November 26, 2018 or that he requested an extension of time to file a second amended complaint. The earliest postmark on the envelope containing the second amended complaint is December 7, 2018. (ECF No. 45.) The certificate of service accompanying the second amended complaint is dated, by Plaintiff, December 5, 2018. (*Id.*) Both of these dates are after the deadline set by the Court for a second amended complaint. Additionally, the docket is devoid of evidence of an October 20, 2018 request for extension in time to file a second amended

3

complaint. In fact, the Opinion & Order setting the deadline for filing a second amended complaint was not issued until October 24, 2018. Additionally, there is no evidence that Plaintiff requested an extension of time to file a second complaint after the deadline was set.

None of Plaintiff's arguments rise to a misapplication of the law. While this Court understands that *pro se* plaintiffs face unique challenges, all parties, including *pro se* plaintiffs, must obey Court orders. *See, e.g., Bambu Sales v. Ozak Trading*, 58 F.3d 849, 854 (2d Cir. 1995); *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990); *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). To hold otherwise would unfairly prejudice parties opposing *pro se* plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motions at ECF No. 51 and 53, to send this Opinion to Plaintiff, and to show proof of service on the docket.

Dated: January 29, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

4